844 So.2d 1107 (2003)
James PENDER, et al.
v.
NATCHITOCHES PARISH HOSPITAL.
No. 01-1380.
Court of Appeal of Louisiana, Third Circuit.
May 7, 2003.
*1108 Reneé J. Pfefferle, Watson, Blanche, Wilson & Posner, Baton Rouge, LA, for Defendant/Appellant, Natchitoches Parish Hospital.
Edwin Dunahoe, Thomas, Dunahoe & Thomas, Natchitoches, LA, for Plaintiffs/Appellees, James Pender, et al.
Hodge O'Neal III, O'Neal Law Offices, Monroe, LA, for Plaintiffs/Appellees, James Pender, et al.
Court composed of ULYSSES GENE THIBODEAUX, OSWALD A. DECUIR, and ELIZABETH A. PICKETT, Judges.
THIBODEAUX, Judge.
The Louisiana Supreme Court remanded this case to us for reconsideration in light of its decision in Richard ex rel. Deville v. Louisiana Extended Care Centers, Inc., 02-0978 (La.1/14/03); 835 So.2d 460. Our initial opinion affirmed the trial court judgment denying the hospital's exception of prematurity. We concluded that a nursing home patient who died after a fall from a wheelchair did not have to first submit her claim to a medical review panel since her claim was predicated on a violation of the Nursing Home Residents' Bill of Rights (the "NHRBR"), as set out in La.R.S. 40:2010.8. We determined the claim was not subject to the Louisiana Medical Malpractice Act (the "LMMA"), such that it must first be presented to a medical review panel under La.R.S. 40:1299.47(B)(1)(a)(i). Pender v. Natchitoches Parish Hospital, 01-1380 (La.App. 3 Cir. 5/15/02); 817 So.2d 1239 (Pender I).
Richard held that medical malpractice claims against a nursing home qualified under the LMMA must be brought pursuant to the provisions of the LMMA. However, the supreme court remanded the case to the trial court for its determination of whether the Richard plaintiff's allegations of negligence are medical malpractice claims under Louisiana law. A violation of the NHRBR by a nursing home, according to Richard, can also be an act of medical malpractice subject to presentation before a medical review panel. Thus, a nursing home violating the NHRBR does not automatically mean a plaintiff bringing a claim against the nursing home can bypass presentation of that claim before a medical review panel pursuant to the LMMA. As we interpret the supreme court's remand order of March 21, 2003, our initial opinion improperly concluded that a violation of the NHRBR does not invoke the provisions of the LMMA such that the plaintiff's claim is premature due to the failure to present the case to a medical review panel. We must determine whether the alleged violation of the NHRBR in Pender I also *1109 constituted medical malpractice, thus requiring submission to a medical review panel.

I.

FACTS AND PROCEDURAL HISTORY
The facts of this case were set out in Pender I:
On July 28, 2000, Mrs. Edna Pender was admitted as a patient to the Natchitoches Parish Hospital Long Term Care Unit (hereinafter "Hospital"), a nursing home facility, for general care and treatment. Plaintiffs James Pender, Vivian Darlene Tims, Sonja Faye Welch, Jessie Strebeck, and Vicki Feazell are the children of Mrs. Pender. They allege that on August 28, 2000, Mrs. Pender was left alone and unrestrained in her wheelchair at the Hospital. She fell from the wheelchair, struck her head on the floor, and fractured her skull. Mrs. Pender was then transported to Schumpert Medical Center in Shreveport, where she died that same day.
Plaintiffs filed two petitions against the Hospital. On March 1, 2001, they filed a "Petition to Impanel Medical Malpractice Review Panel" with the Patient's Compensation Fund Oversight Board against the Hospital in its capacity as a qualified health care provider. The plaintiffs allege that prior to the time of her admission, Mrs. Pender had physical problems including challenges with balance, a history of falling, a history of mental confusion, and residual left-sided weakness. They submit that these ailments were brought to the attention of the Hospital staff and that, in addition, the Hospital performed further evaluations and assessments of its patient. The need for adequate restraints and precautions was allegedly reiterated by the plaintiffs to the Hospital. They contend that the death of Mrs. Pender was caused by the negligent and inappropriate treatment rendered by the Hospital, including its alleged failure to properly attend, restrain, supervise, and monitor Mrs. Pender, and leaving her in an unrestrained and unattended position with knowledge of her propensity to fall. In this petition, the plaintiffs requested the impaneling of a medical malpractice review panel.
On March 22, 2001, the same plaintiffs filed a second petition against the Hospital, in its capacity as the operator of the Natchitoches Parish Long Term Care Unit. This petition was entitled "Petition to Enforce Rights Under Residents' Bill of Rights (La.R.S. 40:2010, et seq.)," and alleges the same facts and circumstances as set out in the petition dated March 1, 2001. In this petition, however, plaintiffs do not request a medical review panel, nor do they allege specific acts of negligence. Rather, the petition alleges that the death of Mrs. Pender was caused by the violation of the terms, conditions, and provisions of La.R.S. 40:2010.8, and that the action is brought pursuant to La.R.S. 40:2010.9. The plaintiffs also allege that their damages include the wrongful death of their mother, as well as her pain and suffering.
On April 24, 2001, the Hospital filed a dilatory exception, claiming status as a qualified health care provider within the meaning of the Medical Malpractice Act, La.R.S. 40:1299.41 et seq., and that it was therefore entitled to avail itself of La.R.S. 40:1299.47(B)(1)(a)(i), requiring the submission of the alleged claims to a medical review panel. Since the claim was not presented to a panel, the Hospital claimed prematurity and, alternatively, that the plaintiffs' petition states no right or cause of action. The trial court *1110 denied these exceptions. The Hospital appealed the district court's judgment.
Pender, 817 So.2d at 1240-41.
On appeal, we affirmed the trial court's judgment in favor of the plaintiffs holding that the submission of the alleged claims against the hospital was not necessary. The supreme court in Richard affirmed this court's holding that medical malpractice claims against a nursing home qualified under the LMMA must be brought pursuant to the provisions of the LMMA. In light of the Richard decision, we must determine if the claim of these plaintiffs must likewise be brought pursuant to the provisions of the LMMA. It is clear from Richard that a plaintiff's allegations of negligence must be medical malpractice claims under Louisiana law to invoke the provisions of the LMMA. In the present case, the violation of the NHRBR could very well have been not only a violation of the NHRBR but also an act of medical malpractice.

II.

LAW AND DISCUSSION
In Pender I, we found that the Hospital's arguments were compelling. The Hospital suggested:
that the plaintiffs' allegations against the nursing home are essentially allegations of medical malpractice, and fall squarely within the definition of medical "malpractice," defined in the Act as "any unintentional tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient...."
Pender, 817 So.2d at 1242.
In Coleman v. Deno, 01-1517 (La.1/25/02); 813 So.2d 303, the supreme court set out six factors for determining whether specific conduct by a qualified healthcare provider constitutes "malpractice" under the LMMA. The LMMA governs if (1) the wrong is treatment related or is caused by a dereliction of professional skill; (2) expert medical evidence is required to determine whether the appropriate standard of care was breached; (3) the pertinent act or omission involved an assessment of the patient's condition; (4) the incident occurred in the context of a physician-patient relationship or was within the scope of activities which a hospital is licensed to perform; (5) the injury occurred because the patient sought treatment; and (6) the tort alleged was unintentional. The dissenting opinion in Pender I noted that Coleman was essentially a review of the facts after a full trial on the merits of the case. We find that the record in this case is inadequate for this court to make a determination of whether the alleged violation of the NHRBR also constituted medical malpractice and therefore subject to the provisions of the LMMA based on the Coleman factors. Thus, we remand the case to the trial court for a full evidentiary hearing on the exceptions of prematurity and no right of action, focusing on the applicability of the Coleman factors to the particular facts of this incident.

III.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and set aside. This case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.